# Mason *v.* Smith.

### *Bill in Equity by Executors, for Construction of Will.*

1. *Construction of codicil.* — Where a pecuniary legacy was given in the body of a will to Sallie A. B., one half payable at the settlement of the testator's estate, and the other half twelve months thereafter, and charged personally on specific devisees, to whom a valuable property was given; and a codicil was afterwards added in these words, "I hereby revoke the donation in the body of my will to Sallie A. B., and give her a proportionate share with the rest of my nieces," who were residuary legatees under the will; *held*, that the codicil only changed the amount of the legacy to Sallie A. B., and not the fund out of which it was payable, nor the time and manner of its payment; that the legacy still continued a personal charge on the devisees, and was not payable out of the residuum.

2. *Legacy construed as personal charge on devisees.* — Where a testator devised and bequeathed a valuable estate, real and personal, to J. B. and B. W., adding to the bequest these words: "And for and in consideration of the above, the said J. B. and B. W. will see that my sister, Sarah A. M., will be amply provided for, should she ever be so unfortunate as to have any cause for such protection; *and to Sallie A. B. they will pay* $4,000, one half at the settlement of my estate, and the other half twelve months thereafter;" *held*, that the legacy to Sallie A. B. was a charge on the bequest to J. B. and B. W., for which they became personally liable on their acceptance of the bequest.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. ADAM C. FELDER.

The bill in this case was filed by James B. and B. W. Mason, as the executors of the last will and testament of Benja-

[Mason v. Smith.]

min J. Smith, deceased, to obtain a judicial construction of said decedent's will, which was in these words : —

"The State of Alabama, ) In the name of God, amen. I, Lowndes County. ) Benj. J. Smith, being of sound mind and disposing memory, do make and ordain this my last will and testament. *Item 1st.* It is my wish, that a tomb to mark my place be put over my grave; and [for] that purpose I appropriate five hundred dollars, if needs. *Item 2d.* I leave to my sister, Martha McGehee, the room she now occupies (at her death to be returned to J. B. and B. W. Mason), with such other comforts, in and about the house and yard, as may be comfortable and agreeable; and also a comfortable support from Jas. B. and B. W. Mason, should she request or need it. *Item 3d.* I give and bequeath to Jas. B. and B. W. Mason the tract of land on which I reside, containing twenty-one hundred and sixty-nine (2169) acres, more or less, in T. 15, R. 16, with all of its appurtenances thereto belonging; all the plantation and farming implements, &c., shop tools, wagons, and harness; also, my household furniture and kitchen utensils, &c.; my books of all kinds, my part of corn, fodder, and potatoes now on the place; four head of mules, two yoke of oxen, twenty head of cattle, five thousand pounds of pork, all the stock hogs, &c.; and for and in consideration of the above, the said J. B. and B. W. Mason will see that my sister, Sarah A. Menifee, will be amply provided for, should she ever be so unfortunate as to have any cause for such protection; and to Sallie A. Boyd they will pay four thousand dollars ($4,000), one half at the settlement of my estate, and the other half twelve months thereafter. *Item 4th.* It is my request, that the rest and residue of my estate be equally divided between my brothers, James H. Smith and H. V. Smith, if alive; if dead, to their children. *Item 5th.* I hereby constitute and name Jas. B. and B. W. Mason executors of this my last will and testament, hereby revoking all others. In witness whereof, I have hereunto set my hand and affixed my seal, the 26th day of Nov. 1866," (Signed and sealed by the testator, and attested by B. W. Walker and D. O. Lockhart.)

"State of Alabama, ) Codicil to my will. I hereby re- Lowndes County. ) voke the donation in the body of my will to Sarah A. Boyd, and give her a proportionate share with the rest of my nieces. I give to my sister, Sarah A. Menifee, one thousand dollars; at her death, to her children. I hereby quitclaim to all moneys due from Jas. B. and B. W. Mason, and all other claims and demands, whatever they may be. I give to B. W. Mason my filly; to B. Ward Mason my lot. May 29, 1867." (Signed and sealed by the testator, but not attested.)

[Mason *v*. Smith.]

The chancellor held that the legacy to Sallie A. Boyd was a charge on the property bequeathed to Jas. B. and B. W. Mason, for which they became personally liable on accepting the bequest in their favor; and that the codicil only changed the amount of her legacy, and prescribed a difference mode of ascertaining the amount she should receive. From this decree the said Jas. B. and B. W. Mason now appeal, and here assign it as error.

STONE & CLOPTON and WATTS & TROY, for appellants. — The codicil is an *express* revocation of the legacy given by the body of the will to Sallie A. Boyd; so that the rules applicable to *implied* revocations have nothing to do with the case. Under the body of will, the Masons are charged personally with the payment of $4,000 to Sallie A. Boyd, and a court of equity would enforce the trust in her favor, by giving her a lien on the property bequeathed to them. *Fly* v. *Harris*, 7 Paige, 421. The revocation of her legacy by the codicil relieves them from this personal charge and trust; otherwise, it would not be a complete revocation, but only a revocation *pro tanto*. There is nothing in the codicil which, either expressly or by implication, qualifies the revocation, or directs out of what fund the share of Sallie A. Boyd is to be paid. As she is to share *with* the other nieces, her share must 'be' taken out of the same fund; that is, out of the general residuum, or that half of it which the other nieces were to take. The most reasonable construction would be, that her share is to come out of the general residuum; as the will shows clearly an intention that his two brothers, or their children, should share the residue equally, and there is nothing in the codicil which changes this equality. The residue, then, is to be divided into seven parts, three of which will go to H. V. Smith, three to the daughters of James H. Smith, and one to Sallie A. Boyd. This construction, we think, is fully sustained by the adjudged cases. *Burrows* v. *Cortrell*, 3 Sim. 375; *Cooper* v. *Day*, 3 Mer. 154; *Crowder* v. *Clowes*, 2 Vesey, 449. The authorities cited on the other side, and by the chancellor, when closely examined, are not opposed to this view.

R. M. WILLIAMSON, *contra*, cited the following cases: *Seacroft* v. *Maynard*, 3 Bro. C. C. 233; *Brudenell* v. *Boughton*, 2 Atk. 268; *Fitzgerald* v. *Field*, 1 Russ. 423; *Sands* v. *Champlin*, 1 Story, 376; *Gardner* v. *Gardner*, 3 Mason, 178; *Brant* v. *Wilson*, 8 Cowen, 56.

PETERS, J. — The main question in construing this will is as to the effect of the codicil, which revokes the donation to

Sallie A. Boyd, on the legacy given to her in the body of the will. A codicil is a supplement to a will, or an addition to be taken as a part of it, made by the testator, by which the dispositions of the will are explained, added to, or changed. 2 Bla. Com. 500, mar.; 4 Kent, 531, mar.; 1 Stephens Com. 545. It is to be construed in connection with the body of the will. The whole instrument is to be taken together, and the body of the will is to be changed only so far as to let in the codicil. An expression in the codicil, of a determination to alter the will in one particular, negatives an intention to alter it in any other particular. *Quincy* v. *Rogers,* 9 Cush. 294; *Bradley* v. *Gibbs,* 2 Jones Eq. 13. It is, then, a mere alteration of the main disposition; and so far as this alteration goes, but no further, it revokes the will. This revocation occurs when it is apparent that the disposition in the codicil is different from, or inconsistent with, the disposition found in the body of the will; or it may be a revocation by express words. *Brant* v. *Wilson,* 8 Cowen, 56. But, in either case, the uniform rule is, not to disturb the dispositions contained in the body of the will, further than is absolutely necessary for the purpose of giving effect to the codicil. 1 Jarman on Wills, 160, 161, mar. and notes; Redfield on Wills, 362, §§ 34, 35, and notes. These principles are too well settled to need the critical discussion of the cases on which they depend. 4 Kent, 531, mar. (11th ed.) notes.

The body of the will in this case gives the sum of four thousand dollars to Sallie A. Boyd. This was " the donation " to her, before the codicil was added. The manner of its payment, and the fund out of which it was to be paid, were specified in the body of the will. Then, the clause of the will in which this gift was declared not only fixed the amount of the " donation " to Mrs. Boyd, but it went further, and designated the mode and time of payment, and the fund out of which it was to be paid. The revocation by the codicil only includes " the donation in the body of " the will, and substitutes another sum in its stead; that is, it revokes the gift of four thousand dollars, and gives Mrs. Boyd, in lieu of it, " a proportionate share with the rest " of the testator's nieces; that is, a sum of money, to be ascertained in a manner different from that fixed in the body of the will. The codicil does not revoke the clause of the will making the bequest to Mrs. Boyd, but only " the donation." In this connection, the word " donation " means gift simply, and not the clause of the will in which the gift was made. This is all the change that is required to give effect to the codicil. Beyond this limit, this court cannot go. 9 Cush. 291, and authorities, *supra.* This was the view taken of the case by the learned chancellor in the court below. It was correct.

I think it equally certain, that the legacy to Mrs. Boyd mentioned in the codicil is intended to be substituted for that mentioned in the body of the will. That mentioned in the body of the will is to be paid to her by Jas. B. and B. W. Mason, the complainants in the court below. A substituted legacy shall be raised out of the same fund, and subject to the same conditions, as the legacy for which it is substituted. *Crowder* v. *Clowes*, 2 Vesey, 449, 450, Sumner's edition. The will recites that " for and in consideration of the above," that is, the legacy to Jas. B. and B. W. Mason, they " will see that my sister, Sarah A. Menifee, will be amply provided for, should she ever be so unfortunate as to have any cause for such protection; and to Sallie A. Boyd they will pay four thousand dollars, one half at the settlement of my estate, and the other half twelve months thereafter." The codicil changes only the sum to be paid, but none of the other particulars of the bequest. This clause of the will clearly imposes a personal liability on James B. and B. W. Mason to pay the legacy to Mrs. Boyd, unless they refuse to accept the gift to themselves. This they have not done. They take the legacy to them *cum onere* (which is the legacy to Mrs. Boyd), and they must pay it. Besides, the fourth item or clause of the will disposes of the whole residue of the estate, and directs it to be equally divided between the testator's brothers, James H. Smith and H. V. Smith, if alive; if dead, to their children. If this clause of the will is carried into effect, nothing will be left to pay the legacy to Mrs. Boyd. There is no intention manifested in the will that her legacy shall fail; and it is not directed that she is to be paid out of the residue. It must, then, be paid as the four thousand dollars was to be paid, for which it was substituted; that is to say, by James B. and B. W. Mason, the appellants in this court, and the complainants in the court below. The decree of the chancellor conforms to this construction of the will, and is, therefore, on this point, likewise free from error.

The chancellor's decree is not impeached in other respects. It is, therefore, affirmed, with costs.

