[Ward v. Ward.]

# Ward *v.* Ward.

*Bill in Equity by Widow and Children, against Executor as Testamentary Trustee, asking Removal of Administration, Construction of Will, etc.*

1. *Testamentary trusts; equitable jurisdiction over trustee.*—A court of equity has undoubted jurisdiction, at the instance of the widow and children of a testator, to compel the executor, as testamentary trustee, to make a suitable provision for them out of the income of the estate, according to the terms and spirit of the will, notwithstanding the general discretionary powers given to the trustee in the management of the estate.

2. *Same: allowance to beneficiaries for support and maintenance; pleading and practice.*—Under a bill filed by the widow and minor children of the testator, beneficiaries under his will, seeking to remove the administration of the estate into equity, and asking relief against the executor as testamentary trustee; a petition being filed praying an allowance out of the estate for the support and maintenance of the complainants and the education of the children, and a reference to the register being ordered to ascertain what would be a reasonable allowance; if the widow then withdraws from the cause as a party, electing to dissent from the will, the complainants can not then complain, nor can the widow or children separately complain, that the chancellor refused to act on the register's report as to what would be a reasonable allowance for their joint support as prayed in the petition.

3. *Bequest for benefit of testator's father, mother and sister, as members of his family.*—Where the testator had contributed liberally during his life to the support of his father, mother and sister, as members of his family, and by his will declared, "I desire, if agreeable to the parties concerned, that my mother, father and sister shall continue to reside with my family, and that my trustee shall contribute towards their support out of my estate as I do at this time;" *held*, that this provision was not intended to make the contribution for the support of the father, mother and sister dependent upon their continued residence in the same house with the widow, nor upon the fact that it was agreeable to her; and that the trustee was authorized to continue a reasonable allowance to them, according to the income of the estate, although they and the widow had removed from the testator's residence, and occupied different dwellings.

4. *Parties to bill for administration of estate; intervention by petition.* The widow of a testator having filed a bill, jointly with her children, for the removal of the administration from the Probate Court, and other relief against the executor as testamentary trustee, and having then withdrawn from the case as a party, and elected to dissent from the will, is nevertheless a necessary party to the bill, and can not intervene by petition, asking to have her dower and distributive interest in the estate allotted to her.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. WM. H. TAYLOE.

The bill in this case was filed on the 5th July, 1890, by Mrs. Rebeccca E. Ward, the widow of Benjamin Ward, deceased, jointly with her three minor children, against Alfred G. Ward, a brother of said Benjamin Ward, as his executor and testamentary trustee; and sought (1) to remove the administration of the estate from the Probate into the Chancery Court, (2) to require the executor to file an inventory and give bond, or (3) remove him and appoint another person as trustee in his stead, and (4) to obtain a judicial construction by the court of the provisions of the will.

Benjamin Ward, the testator, died in Mobile on the 15th December, 1888; and his last will and testament, dated October 22d, 1887, was there proved and admitted to probate on the 31st December, 1888, letters testamentary being granted to Alfred G. Ward as executor. The will contained these provisions: "I hereby devise and bequeath all my property, whether real, personal or mixed, to my brother, Alfred G. Ward, in trust, however, and upon the following conditions: (1.) I desire him first to pay all my just debts and funeral expenses. (2.) I desire him to furnish my beloved wife with means sufficient to maintain her in a comfortable manner suitable to her station in life. (3.) I desire him to see to the support and education of such children as I may leave surviving me. (4.) I desire, if agreeable to the parties concerned, that my mother, father and sister shall continue to reside with my family, and that my trustee shall contribute towards their support out of my estate as I do at this time. (5.) For the execution of these trusts, I hereby appoint my said trustee my sole executor, with full power to dispose or mortgage any of my property devised, whenever he may deem it expedient to do so, and to execute conveyances to the purchaser thereof. This may be done at public or private sale, and without order of court, or other legal proceedings. I give him full power to invest and re-invest the proceeds of said property, and also any other money I may have on deposit or elsewhere, that shall come into his hands in the execution of these trusts. I desire him to carry on my present drug business, and, if he desires, he may purchase an interest in the same, take in a partner, or make such other disposition or arrangement with regard thereto as may seem best to him. When my surviving children shall come of age, I desire my trustee to give them their portion of what there [then?] remains of my estate in bulk. I desire my trustee to take for himself a suitable remuneration for his services in the faithful discharge of these trusts, and, having

[Ward v. Ward.]

unlimited confidence in him, I do not wish him to be required to give bond or security as such trustee or executor. In witness whereof," &c.

The complainants claimed, and alleged in their bill, that the executor had mismanaged the estate—that he had failed to pay off the debts of the estate, and had contracted new debts in carrying on the business, for which he contended the estate was liable; that he refused to make a suitable allowance for the support and maintenance of the complainants, but limited them to $150 per month, which was not sufficient for their support in the city, and they had been compelled to remove to the country; that the father, mother and sister of the testator had also left the house, and moved to the residence of the executor, where he supported them at the expense of the estate; and that he refused to give the complainants any information as to the condition of the estate. They therefore prayed that the administration of the trust estate be removed into the Chancery Court; that the executor as trustee be required to file an inventory, and his accounts and vouchers for a partial settlement of the estate, more than eighteen months having elapsed; that the court would construe the will, declare the rights of the respective parties, require the executor to give bond, or appoint another trustee in his stead, &c.

The defendant demurred to the bill, (1) for misjoinder of complainants, (2) for non-joinder of necessary parties as defendants, (3) because the will relieved him of the duty of giving any bond, and on other grounds. The bill was amended by adding the testator's father, mother and sister as defendants, and the demurrer on other grounds was overruled. The executor then filed an answer, giving a statement of his administration, and annexing an inventory; admitting that he had removed his father, mother and sister to his own house, after the complainant had gone to her own father's house, and was contributing to their support as the will authorized and required him to do; alleging that the condition of the estate did not permit a greater allowance to the widow and her children than $150 per month; and adding, "Respondent prays that the court will take jurisdiction of the cause, give him full instructions upon all points in controversy, and especially fix the allowance to be made to complainants, and the extent to which he is authorized to contribute, out of the estate, to the support of testator's father, mother and sister."

On the 3d December, 1890, a decree was rendered assuming jurisdiction of the estate; and on the next day, on ap-

[Ward v. Ward.]

plication of the complainants, a reference to the register was ordered, to ascertain and report what would be a suitable monthly allowance to the complainants out of the estate, the executor being ordered to continue to pay them $150 per month in the meantime. On the 17th January, 1891, the register reported that $250 would be a reasonable monthly allowance, and he reported the evidence taken before him. Exceptions to the report being filed by the defendant, and a motion submitted by the complainants to overrule them and confirm the report, the court rendered a decretal order in vacation, April 1st, 1891, declining to act in the matter before the final hearing of the cause.

On the 20th April, 1891, the complainants asked leave to amend their bill by striking out the name of Mrs. Ward as a complainant, on the ground that she had dissented from the will and elected to take her dower and distributive share of the estate ; and the amendment was allowed on the next day, April 21st. On the same day Mrs. Ward filed a petition in the cause, asking an assignment to her, under the orders of the court, of her dower interest and distributive share of the estate, on account of her dissent from the will. On May 4th the children, the remaining complainants, asked a reference to the register to ascertain and report what would be a proper allowance for their support and education under the terms of the will. The cause being submitted for decree on this motion and petition, the chancellor rendered a decree in vacation, 30th June, 1891, overruling and refusing each of them, but giving the parties permission to renew their application, and reserving all other questions for future consideration.

The complainants appeal, and make 15 assignments of error jointly, and Mrs. Ward separately assigns as error the dismissal of her petition.

OVERALL & BESTOR, for complainants; and BRICKELL, SEMPLE & GUNTER, for Mrs. Ward.

CLARKES & WEBB, contra.

McCLELLAN, J.—We do not understand from this record that the Chancery Court declined to assume jurisdiction and control over the trusts created by the will of Benjamin Ward for the support of his wife and children, to the end of determining what provision would be reasonable and proper in that behalf, and compelling the trustee to make such provision. On the contrary, we find that the lower court

[Ward v. Ward.]

virtually asserted its right and power to determine what allowance should be made by the trustees for the maintenance of the testator's widow and children and for the education of the children, and, of consequence, its authority to compel such allowance to be made, though counsel argue the question whether this matter should be left entirely to the trustee's discretion as if they understood the position of the chancellor differently; and there can, in our opinion, be no doubt the right and power thus asserted resides in the Chancery Court, and should be exercised by it whenever it is clearly made to appear that the trustee is not adequately providing for the well-being of the *cestui que trustent* according to the terms and spirit of the trust instrument.—*McDonald v. McDonald*, 92 Ala. 537, and authorities there cited.

What the court really decided in this connection, however, was that a case had not been made by the evidence which required or authorized the exercise of this jurisdiction, it not being made to appear that the trustee had failed or was omitting to make proper allowance for the support and education of the *cestuis que trust*. When the cause came on for hearing, the widow was no longer a party to it; she had had herself eliminated from the bill as a party complainant; she was not a defendant, and she was asking no action of the court looking to an increase of the allowance for support theretofore made to her by the trustee. Before this withdrawal on her part a reference had been had in response to the prayer of the bill as originally exhibited, to determine what would be a reasonable allowance for her and her three children; and the master had reported that two hundred and fifty dollars per month should be allowed, instead of the one hundred and fifty dollars per month which the trustee was then paying on that account. The evidence taken on this reference, and the report made, however, had relation to an allowance in gross for the children *and* for the widow. No evidence was adduced, and no report made, as to what should be allowed for the support and education of the children, who were the sole complainants in the bill at the hearing, and who only were demanding an increase of the provision made by the trustee for them. The court did not pass on the master's report while Mrs. Ward remained a party complainant to the cause. Whether, had she maintained her original attitude, the additional allowance to her and the children reported by the master should have been decreed, is a mere abstraction on this appeal,—an inquiry not presented for our consideration. There was nothing in the report, or in the evidence supporting it, which could

[Ward v. Ward.]

afford a basis for determining what provision was proper for the children alone. This depended upon testimony which they had the *onus* of adducing—as was said by the chancellor, they are not entitled under the will to any fixed allowance (*Ellerbe v. Ellerbe*, 40 Am. Dec. 623)—and having failed to show what amount they were entitled to, or that the sum allowed by the trustee was inadequate, the refusal of the Chancery Court to increase that allowance, or indeed to make any decree fixing their allowance, was inevitable.

Nor was there error in the construction given to the 4th clause of Benjamin Ward's will, which is as follows: "I desire, if agreeable to the parties concerned, that my mother, father and sister shall continue to reside with my family, and that my trustee shall contribute towards their support out of my estate as I do at this time." It can not be that the testator, solicitous for the maintenance of his father, mother and sister, and who had contributed largely to their support during his life, intended to make their future well-being to depend upon their continuing to reside in the same house with his widow, and to make such continued residence dependent upon the fact of its being agreeable to her, who was a stranger to their blood, and whose interests would be conserved by defeating his laudable purpose in respect to them. We concur with the chancellor that the support of the testator's father, mother and sister provided for in this clause of the will was not conditional upon their continued residence with the widow and her family; and with him also, on the showing of the answer, that the provision made for them by the trustee was such as was being made for them by the testator at the time of executing the will, and hence within its expressed limitations.

At the time of filing her petition dissenting from the will and ·claiming a distributive share in her husband's estate, Mrs. Ward was not a party to the cause pending in the Chancery Court; she was as much a stranger thereto as if she had previously had no connection therewith. Yet she was a necessary party to that cause. There could be no settlement of the trusts of the will, or the administration of the estate, without her rights being before the court and represented by her as a party litigant in the widest sense of the term. Whether she dissents from the will or takes under it, her rights as a party to the cause are co-extensive with those of any other of the necessary parties in the sense of shaping the litigation, being heard upon any action taken and any decree to be rendered in it. Her claim is not of a specific sum to be paid out of a fund in court, as in the case

[Kahl v. Memphis & Charleston Railroad Co.]

of a receivership which has become indebted to a person having no interest in the controversy between the complainants and defendants to the cause, and which may be preferred by a mere petition since it involves no element either of prosecution or defense in the case presented by the bill and answer (*Thornton v. Highland Avenue & Belt Railway Co.*, 94 Ala. 353); but, if she comes into the cause at all, it is for all the purposes of prosecution or defense as the case may be; and she can not make herself a party for such purposes by a petition. She can only get into this cause, strictly speaking, by the action of the present complainants through an amendment of their bill; or, failing in that, she may effectuate whatever rights she may be entitled to by an original bill in its nature suppletory to the present litigation. The chancellor properly dismissed her petition. *Cowles v. Ledyard*, 39 Ala. 130; *Renfro Bros. v. Goetter, Weil & Co.*, 78 Ala. 314; *Ex parte Printup*, 87 Ala. 148.

Affirmed.