147 So. 602

## WHORTON v. SNELL.
### 7 Div. 183.

Supreme Court of Alabama.
March 23, 1933.

Rehearing Denied April 27, 1933.

Culli & Culli, of Gadsden, for appellant.

McCord & McCord, of Gadsden, for appellee.

FOSTER, Justice.

This is an action at law for the breach of an obligation created by a stipulation in the will of a testatrix whereby her property is devised to defendant "with the stipulation that he provide a comfortable home for (plaintiff) as long as she remains unmarried." The complaint alleges that defendant took possession of all the property including the home where plaintiff had resided with testatrix, and where she had rendered domestic service, and caused the will to be probated, after a contest; that pending the contest defendant ordered her to leave the home, and plaintiff found it impossible to reside there and was forced to find a home elsewhere, and that he has not provided "a comfortable home" for her as stipulated in the will.

The will also provided for a $5,000 trust for plaintiff as long as she remains unmarried.

Only two counts were submitted to the jury. Count No. 6 claimed damages in the

sum of $150, predicated upon the assumption that the stipulation required defendant to furnish her board and lodging for the five months, extending from the time he is alleged to have expelled her to the institution of the suit, covering about two months before the will was probated. Count No. 7 claimed $90 damages, covering the time from the day on which the will was probated to the institution of the suit. The court in the general charge limited the jury to the time alleged in count 7. But defendant claims that because he offered to permit plaintiff to reside in the home during that period, his conduct toward her prior to the date of the probate of the will is not material, and shows no breach of contract by him.

■ But we think that the court was more liberal to defendant than the law required, and that the court need not have so confined the plaintiff. By the acceptance of the devise defendant assumed a personal liability to plaintiff to provide a comfortable home for her as long as she remained unmarried. Mason v. Smith, 49 Ala. 71; Harland v. Person, 93 Ala. 273, 9 So. 379; 40 Cyc. 1896, 2054; 62 A. L. R. 596 et seq. Indeed appellant does not otherwise here contend.

■■ When a will creates such an obligation, it becomes effective from the date of the death of testatrix; unless it shows that it is only payable out of income to be derived from the property devised, and then it becomes payable as soon as such income is derived. Sometimes, dependent upon the terms of the will, it is payable when the devisee assumes possession of the property devised to him as the basis for the requirement. 40 Cyc. 1883, 1884, § 3b. On the death of a testatrix the title to and right to possession of land devised vests as of that date subject to certain statutory rights and duties of the executor, though the will is, of course, not probated until a later date. Hall v. Hall, 47 Ala. 290; Goodman v. Winter, 64 Ala. 410, 429, 38 Am. Rep. 13; Whorton v. Moragne, 62 Ala. 201, 207, 208; 40 Cyc. 1995.

■ If defendant took possession of the property prior to the probate of the will, and has not been deprived of it by the necessity to exercise his statutory rights or duties as the executor, his duty to plaintiff under the will began not later than such occasion, made fixed and indisputable by the subsequent probate of the will and by his failure as the executor to exercise his statutory rights so as to impair the obligations which he impliedly assumed. Under such circumstances, there was no halt or interruption by nor further occasion to consider the date of the probate of the will as affecting the continuous character of defendant's duty. So that defendant's conduct toward plaintiff, which may have justified her in moving out of the home, is material whether it occurred before or after probate of the will.

■ We cannot agree with appellant that his obligation is discharged by an offer to permit plaintiff to reside in his home, though it was the home of testatrix and may have been the place where she expected plaintiff to reside, if the conduct of defendant and his demeanor toward her be such that it would be thereby rendered unpleasant and disagreeable with no fault of plaintiff in that connection. Under such circumstances, it would not be "a comfortable home" within the contemplation of testatrix, as we interpret her meaning. A mere shelter may not suffice. Ward v. Ward, 95 Ala. 331, 10 So. 832.

The rulings of the court which are presented by appellant for our review do not show that the court committed error in applying the principles we have discussed to the prejudice of appellant, and we think they are controlled by such principles. But we do not deem it necessary to discuss each such separate ruling.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.