231 So.2d 80

**Roy H. GLASGOW et al.**

v.

**Clarice Glasgow BLACKWELL.**

**7 Div. 842.**

Supreme Court of Alabama.

Jan. 29, 1970.

William S. Halsey and Walter J. Merrill, Anniston, for appellants.

Dawson, McGinty & Livingston, Scottsboro, for appellee.

BLOODWORTH, Justice.

This is an appeal from a decree declaring. null and void a deed from the executors of the last will and testament of A. H. Glasgow, deceased, and ordering it cancelled on the record. .

The issue raised on this appeal is, whether or not the executors were authorized and empowered under the will to sell and convey the property in question. After a careful consideration of the case, we have concluded they were not, and that the decree ought to be affirmed.

The decedent, Judge A. H. Glasgow, Probate Judge of Cleburne County for thirty-five years, died in February, 1958. At his death he left two farms, the "Upper Place," consisting of approximately 207 acres, the property involved in this litigation, and the "Lower Place," consisting of approximately 400 acres.

Judge Glasgow's last will and testament is contained in four paragraphs. First, he provided for payment of debts; second, he provided that his executors should "set aside so much of my Estate, or the proceeds from my Estate, as, in their judgment, shall be necessary to insure" a high school education for four grandchildren named therein, and any other grandchildren, "who, in the opinion of my Executors, need assistance" to secure a high school education; third, he devised and bequeathed the rest and residue of his estate to six living adult children and two grandchildren (children of a deceased child) share and share alike; fourth, he named two sons, Ralph and Raymond Glasgow, his executors, relieved them from posting bond and from filing any inventory or making any report to court; and, fifth, he provided at the end of the paragraph appointing the executors, viz:

"* * * My said Executors shall further be empowered to make any and all conveyances of property coming into their hands by virtue of their Executorship without any order from any Court for that purpose."

After Judge Glasgow's death, the estate was kept together by the executors, Ralph

and Raymond Glasgow, and farmed by one of the heirs, Roy Glasgow.

Having decided that all grandchildren specifically mentioned in the will had graduated from high school (with the exception of one who had married), and that none of the others were in need of assistance, the executors determined to sell the "Upper Place" to one of the heirs, Wilmer Glasgow, his wife, Beulah Mae, his brother-in-law, O. B. Hunt, and Hunt's wife, Bernice, the proceeds to be divided among the several heirs equally.

A deed by the executors was executed and recorded conveying the "Upper Place" to these grantees on November 7, 1966.[1] In addition, all the heirs (with the exception of complainant) executed a deed dated October 18, 1966, conveying their undivided interests in the "Upper Place" to the grantees, Wilmer Glasgow, et al. This deed was also recorded. Subsequently, the grantees, Wilmer Glasgow, et al., conveyed the property to a corporation they had formed, Glasgow Development, Inc.

This case began when complainant brought suit in equity, seeking to set aside the executors' deed as null and void because the executors exceeded their authority under the will. The bill alleged that complainant still owned a ⅐th interest in the land and that it could not be equitably divided in kind among the joint owners and that a sale for division is necessary. Complainant also sought a reasonable attorney's fee.

After hearing the evidence orally, the able trial judge rendered a final decree: holding the executors' deed to be null and void, and cancelling the same on the record; declaring the heirs (other than complainant) to have conveyed their undivided interests to the grantees, Wilmer Glasgow, et al., and these grantees, in turn, to the corporation; holding the complainant to be the owner of an undivided ⅐th interest,

and Glasgow Development, Inc., a corporation, to be owner of an undivided ⁶⁄₇ths interest; ordering a sale for division and a reasonable attorney's fee to complainant's attorneys.

Respondents appeal from that portion of the final decree allowing complainant's attorneys' fees, declaring the deed from the executors to Wilmer W. Glasgow, et al., null and void, and ordering it cancelled of record.

As we have already indicated, the question in this case is: Are the executors authorized under Judge Glasgow's will to sell the property and make the deed in question? We think that the answer to this query must be in the negative.

The authority of the executors to sell and convey depends, of course, as respondents point out, on a construction of Judge Glasgow's will. We agree with the respondents that "construction of a will is always started with the proposition that the province of the court is to ascertain the intent of the testator from the language of the will in connection with attending facts and circumstances which may shed light upon any apparent uncertainty arising from its terms or existing by reason of such facts and circumstances." Patterson v. First National Bank of Mobile, 261 Ala. 601, 606, 75 So.2d 471, 474.

Respondents' contention is that in construing Judge Glasgow's will, it must be considered that the power to make conveyances contained therein is broad enough to authorize the executors' deed.

Respondents say that "no precise form of words is necessary" to create the power of sale in a will but "if the intention to confer the power is apparent, to enable the executor to execute the trusts of the will, the power will be implied." Winston v. Jones, 6 Ala. 550, quoted with approval in Hardeman v. Hardeman, 202 Ala. 18, 79

---

1. This deed contained a recital that "title to the property * * * is vested" in the devisees under the will.

So. 356; Morgan County Nat. Bank of Decatur v. Nelson, 244 Ala. 374, 13 So.2d 765.

We agree that this statement of the law is correct although we do not believe it is relevant here. For, we think the purpose of the executors' deed in this case (sale for division) could not be so construed as to be covered under the power "to enable the executor[s] to execute the trusts of the will" (to pay debts or educate grandchildren), authorities, supra.

As the complainant aptly remarks in brief:

"The real question presented by this case is whether co-executors may, for no purpose expressed in a will, exercise a power of sale for the purpose of partition and division among tenants in common."

We cannot agree that the power contained in the will is broad enough to authorize the executors to make the deed.

On the other hand, if we deem this provision to be ambiguous, respondents contend that the undisputed testimony is to the effect that the testator intended his executors to have full authority to convey his property.

We said in Fuller v. Nazal, 259 Ala. 598, 603, 67 So.2d 806, 810:

"The rule, of course, is that the intention of the testator governs the construction of a will, but if by its terms it is unambiguous there is no room for construction and it will be taken as written. * * *"

We think that this provision of Judge Glasgow's will is unambiguous.

After a careful study of the will, the very thorough briefs of counsel and applicable authorities, it appears to us that the clear meaning and intention of the testator was to provide for payment of his debts, a high school education for four named grandchildren and any others whom the executors determined to need assistance, and the remainder of his estate to go to his six living adult children and children of a deceased child, share and share alike.

We conclude that the real estate in question, on the death of the testator, vested immediately in the named devisees, subject to being intercepted by the executors for either one of these two purposes, to pay debts or for the education of the grandchildren. Hall's Heirs v. Hall, 47 Ala. 290; Whorton v. Snell, 226 Ala. 525, 147 So. 602.

Since the debts have been paid, and the executors have determined no grandchild needs assistance to secure a high school education, the conveyance in question could not be supported as carrying out any provision of the will.

In view of the conclusion we have reached, we pretermit consideration of complainant-appellee's motion to affirm and motion to strike the several petitions for certiorari filed by respondents-appellants.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN, and McCALL, JJ., concur.