# Manfredo, *et al.* v. Manfredo.

*Bill to Remove Estate from Probate to the Chancery Court.*

(Decided May 15, 1913.   62 South. 522.)

*Executors and Administrators; Settlement of Estate; Removal.*—Under Acts 1911, p. 574, a bill may be brought to remove the administration of an estate from the probate to the chancery court within six months from the granting of administration notwithstanding the provisions of section 2803, Code 1907.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Bill by Guiseppe Manfredo against Celestina Manfredo as administratrix, and individually, to remove an estate from the probate to the chancery court for the purpose of further and complete administration. From a decree overruling demurrers to the bill, and holding a plea in abatement not good, respondent appeals. Affirmed.

A. O. LANE, for appellant. The bill was demurrable as seeking to divest respondent out of her part of the estate, and to join her as administratrix as well as in her individual capacity in the same bill.—*Ward v. Ward,* 90 Ala. 81; Sec. 2803, Code 1907; *Espy v. Comer,* 76 Ala. 501. The bill could not be filed until after six months from the grant of letters.—*Ward v. Ward, supra; Espy v. Comer, supra; Sharp v. Sharp,* 76 Ala. 312.

JAMES A. MITCHELL, and SAMUEL B. STERN, for appellee. The bill was properly filed under Acts 1911, p. 574; *Bank v. Glass,* 82 Ala. 278; *Torrey v. Bishop,* 104 Ala. 551. The court, therefore, properly overruled the demurrer and held the plea in abatement for naught.

MAYFIELD, J.—This is a proceeding sui generis to remove the administration of an estate from the probate to the chancery court for the purpose of further and complete administration of the estate.

The bill was filed by the heirs and distributees against the administratrix, as such and individually; she being the widow of the decedent. She, as administratrix, filed a plea in abatement on the ground that the suit was filed within less than six months from the grant of administration in violation of the statute.—Code, 2803. The trial court properly held this plea insufficient. The

statute was not intended to apply, and does not apply to a proceeding like this, which merely seeks to have the administration removed from one court to another. This would be true without the recent statute (Acts 1911, pp. 574, 575), which in terms authorizes proceedings like this. Suits like this were held not to offend section 2803 of the Code before the passage of the recent statute. See *Bank v. Glass*, 82 Ala. 278, 2 South. 641; *Torrey v. Bishop*, 104 Ala. 551, 16 South. 422. The respondent also demurred to the bill, assigning a number of grounds, none of which were well taken; and the chancellor or trial judge properly overruled same.

The only ground of demurrer mentioned in the brief for appellee is that the bill showed that complainants had a complete and adequate remedy at law. This ground was not well taken. A court of law could not afford the relief sought by the bill; it could afford no remedy; much less a complete and adequate one.

It therefore follows that there is no error in the record; and the decrees appealed from are in all things affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.