**DOOLEY v. DOOLEY.** (87 South. 545) (7 Div. 111.)

(Supreme Court of Alabama. Feb. 3, 1921.)

1. **Courts** &copy;&rarr;487(5)—Cause not transferable from probate to chancery court on unsworn petition not alleging better administration.

A bill or petition for removal from probate to chancery court cannot justify a decree therefor under Acts 1915, p. 738, where not sworn to and not containing an averment the equivalent of the statutory requirement that testator's estate can be better administered in the circuit court in equity.

2. **Courts** &copy;&rarr;487(5)—Transfer of administration from probate to chancery court held to require averment of special equity.

Where, from aught appearing in the bill, testator's estate, except the distribution of the proceeds of sale of land the possibility of which depends upon whether the terms of the will were complied with, had been fully settled long before filing of the bill, or, if not so, steps had

been taken in the probate court looking to final settlement, the bill will not warrant a decree of removal to the chancery court in the absence of averment of some special equity.

**3. Courts ☞487(5)—Bill for removal of administration from probate to chancery court held to show no equity.**

A bill for removal of administration of estate from the probate to chancery court *held* to show no equity to support such removal.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Bill by Sarah Dooley against the administrator of James P. Dooley and his heirs at law to remove the administration of the estate from the probate to the chancery court and there administer the same. From a decree overruling demurrers to the bill, Charles T. Dooley, one of the heirs and a legatee under the will, appeals. Reversed and remanded.

P. E. Culli and Victor Vance, both of Gadsden, for appellant.

The general demurrer was good. Section 3121, Code 1907. The widow must either claim under the will or make proper dissent therefrom. Sections 6168, 6189, Code 1907; 118 Ala. 423, 24 South. 354.

Alto V. Lee and James A. Bilbro, both of Gadsden, for appellee.

Estate may be removed without alleging any equitable grounds therefor. 164 Ala. 390, 51 South. 389; 150 Ala. 237, 43 South. 580; 77 Ala. 528; 66 Ala. 568; Acts 1911, p. 574, as amended; Acts 1915, p. 738.

SAYRE, J. Appellee is the widow of James P. Dooley, deceased. James P. Dooley left a last will and testament in which he gave all his property, real and personal, to appellee. But in his home place, which was all the real property owned by testator, appellee's interest was limited to a life estate with remainder to appellant, but the fee in remainder to appellant was qualified by the following language of the will:

"It is my intention in willing my said real estate to my son Charles G. Dooley by so doing to assist him as I have the others and also in some measure remunerate him for his time, trouble and expense in caring for me and his mother in our last days; provided that should said Charles G. Dooley neglect to take care of and provide for the reasonable comfort and necessities of me and his mother during our natural lives, then at the death of the one of us which shall survive the other, said real estate shall be sold by executor hereinafter named and all just debts of either me or my wife shall be paid and both our funeral expenses, and should anything remain it should be distributed among those entitled to share in my estate according to the laws of descent now prevailing."

Briefly stated, appellee's bill avers that appellant has failed to provide for her, though she has applied to him for support and help. The prayer is that the administration of the estate of deceased, now pending in the probate court, be removed into the circuit court in equity, and that a sale of the real estate and distribution of the proceeds thereof be decreed, that the estate of testator be settled, and for general relief. The court overruled general and special demurrers to this bill and ordered a removal of the administration of the estate into the circuit court, after which this appeal.

[1-3] Appellee justifies the decree by referring it to the act of September 23, 1915 (Acts, p. 738), amendatory of the act of April 21, 1911, entitled "An act regulating administrations of estates in the chancery court," etc. But the bill (or petition) was not sworn to nor does it contain an averment the equivalent of the requirement of the statute that testator's estate can be better administered in the circuit court in equity, and for this reason the decree cannot be referred to that statute. Nor can it be justified by reference to the doctrine that any person entitled to share in the distribution of an estate has the right to have the estate administered in a court of equity without assigning any special equity for transferring the estate to such court. For aught appearing in the bill, testator's estate—except the distribution of the proceeds of a sale of land the possibility of which depends upon an ascertainment that appellant had not complied with the terms of the will—had been fully settled long before the filing of this bill, or, if not so, steps had been taken in the probate court looking to a final settlement (McNeill v. McNeill, 36 Ala. 109, 76 Am. Dec. 320), and in either event the averment of some special equity was necessary. And indeed it is apparent that appellee, to give equity to her bill, relied upon her averments touching the matter of her rights in the real property left by testator and the rights of those entitled to share in his estate according to the laws of descent prevailing at the time of his death, and, whether so or not, the bill has no equity unless it can be derived from the averments to which we have just referred. But, for aught appearing in the bill, appellee is in the full and unquestioned enjoyment of all the rights *in the real estate vested in her by the will.* If after her death it shall be made to appear that defendants, other than appellant, are entitled to share in testator's estate according to the laws of descent prevailing at the time of testator's death, the enforcement of their rights will be a matter of interest to them only. We are clear, therefore, that the bill in this cause has no equity.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.