One of the legatees and devisees of the estate of W. H. Bartlett, deceased, filed a petition for removal of the administration of the estate from the probate court to the circuit court, in equity, pursuant to Acts 1915, p. 738. The order of removal was entered in the circuit court. Thereafter, petitioner, in person and with consent of the administrator and other legatees, filed a written direction to have the *Page 405 
cause dismissed and remanded to the probate court for further proceedings and final settlement of the estate. Thereupon the circuit court entered an order vacating the order of removal and remanding the cause to the probate court. The petitioner then discharged her attorney without payment of fees for services rendered, including the service for removal of the administration to the circuit court. Her attorney, J. S. McLendon, then filed his petition of intervention in the circuit court for the purpose of vacating the order remanding the cause to the probate court, and enforcing a lien for attorney's fees upon the funds of the estate, or against the interest of his client therein. The circuit court denied Mr. McLendon's petition. From that decree an appeal is taken, No. 712. A mandamus proceeding to vacate the order denying his petition, as well as the order remanding the cause to the probate court, is also presented, No. 704. The two are consolidated and here considered together.
Numerous questions are raised which we do not consider necessary to a decision.
It is disclosed by the record that at the time the original petition to remove the administration from the probate court was filed, that court had already taken jurisdiction for a final settlement of the estate, and the date of settlement was set on the same or following day.
The petition for removal set forth no special equity or showing that the probate court was wanting in jurisdiction to make a final settlement. The grounds of removal are substantially in the words of the statute. Acts 1915, p. 738. No special equity is given by addition of the clause, "Your petitioner prays for a construction of the will of W. H. Bartlett." No parties are made to the petition as a bill for construction of a will; the will is not made a part of it; and no ambiguity or controverted questions of construction are presented, giving rise to such jurisdiction. Naugher v. Hinson,100 So. 221;[1] Ashurst v. Ashurst, 175 Ala. 667, 57 So. 442.
The added prayer, that the administrator with the will annexed be required to report the personal property on hand, and that same be sold for division by order of court, confers no special equity. The probate court has full power in this regard. Shackelford v. Bankhead, 72 Ala. 477.
It need scarcely be noted that the sale of personal property of a decedent is an act of administration, to be performed by the administrator under orders of and as agent of the court. The heirs may not take the administration out of his hands and proceed in their own right. They have a remedy to remove him for legal cause or to call him to account for failure of duty. Moreover, this prayer touching a sale of the personal property, while appearing as an addenda to the statutory petition for removal, purports to be an amendment to a separate bill to sell lands for division among tenants in common, a proceeding to which the administrator is not a party. Such a proceeding is no part of an administration, but proceeds on the assumption that the lands have not become assets in the hands of the administrator for administration, either for the payment of debts, or, with consent of an adult heir, by sale for division. It follows that, for present purposes, the petition for removal of the administration from the probate court to the equity court was an ex parte proceeding under the statute.
The statute does not contemplate "the ouster of the jurisdiction of the probate courts, where that court has actually entered upon the exercise of its jurisdiction in and for a final settlement of estates." Carpenter v. Carpenter,200 Ala. 96, 75 So. 472. See, also, Dent v. Foy, 204 Ala. 404,85 So. 709; Dooley v. Dooley, 205 Ala. 281, 87 So. 545; Parker v. Robertson, 205 Ala. 434, 88 So. 418; Sewell v. Sewell, 207 Ala. 239,92 So. 475; Marshall v. Marshall, 86 Ala. 383, 5 So. 475.
Jurisdiction for final settlement in the probate court begins upon filing accounts and vouchers with statement of the heirs invoking the court's jurisdiction for such settlement and an order entered setting day, directing notice, etc. Code 1923, §§ 5901, 5904.
The words "at any time before a final settlement," found in the removal act, mean before proceedings for settlement begin, not before they are completed. The better and approved practice is to aver in the removal petition that no steps have been taken for a settlement in the probate court. See authorities supra. We would say a petition using the statutory words would be sufficient, if the facts support them in their legal sense. Being an ex parte proceeding, it is the existence of these facts presented in statutory way that gives the court jurisdiction. There is no judicial finding that these facts exist, but an order entered as of course. Thus, if in fact the petition is presented by one claiming to be a party in interest named in the statute, when in fact the petitioner had no such interest, it could hardly be contended the order of removal would bind the real parties interested and require the court of equity to proceed to administer the estate.
It now appearing that at the time of the petition and order of removal the probate court had entered upon the exercise of its jurisdiction for final settlement, such order of removal was improvidently granted, and was properly vacated. At that stage a removal of the administration into a court of equity must be by bill setting up some special equity — some right which the probate *Page 406 
court could not protect, or requiring relief it could not give. Park's Distributees v. Park's Adm'rs, 36 Ala. 132; Rensford v. Magnus Co., 150 Ala. 288, 43 So. 853.
This renders unnecessary a decision of the question raised as to whether an administration which has been rightfully removed into a court of equity can, by agreement of parties, be withdrawn from that court with its consent, and the jurisdiction of the probate court resumed.
Coming to the question of attorneys' liens sought to be enforced, we consider first the claim against the trust estate. The right of an attorney employed by and representing one or more, but not all, of the beneficiaries, to have an attorney's fee charged against the common fund, rests upon section 3010, Code of 1907. This statute is not intended to give the attorney control of the cause, nor hinder its orderly administration. His fees are to be taxed and paid as part of the costs of suit. The services must have inured to the benefit of the entire estate, as, for example, the bringing in of assets, or defeating wrongful charges and claims thus conserving the common interests of the cestuis que trustent. The allowance is limited to so much of the attorney's services as inured to the common benefit. Bidwell v. Johnson, 191 Ala. 195, 67 So. 985; Wilks v. Wilks, 176 Ala. 151, 57 So. 776.
Services rendered in the removal of the administration from the probate court to the equity court may be charged against the estate, when inuring to the benefit thereof. Bidwell v. Johnson, 195 Ala. 547, 70 So. 685; Coker v. Coker, 208 Ala. 239,94 So. 308.
In this case the services seem not to have proceeded further than a removal of the administration. This order, as we have seen, was improvidently granted. It furnishes no basis for a fee against the common estate.
It is admitted in argument that no attorney's lien arose in the proceeding for the sale of lands for division. Hale v. Tyson, 202 Ala. 107, 79 So. 499.
The right of Mr. McLendon to have his fee paid by his client, and to enforce an attorney's lien against her share of the estate, at common law or under section 3011, Code of 1907, does not require an intervention in the equity court. The lien follows her portion of the funds into whatever court the administration is pending. Weaver v. Cooper, 73 Ala. 318.
The order or decree of the court below is affirmed on appeal, and the writ of mandamus is denied.
Affirmed and writ denied.
ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.
[1] 211 Ala. 278.