(108 So. 509)

### HELMS v. HELMS.    (6 Div. 480.)

(Supreme Court of Alabama.    March 25, 1926.
Rehearing Denied May 13, 1926.)

**I. Executors and administrators ⬥473, 474(I) —Administration held properly removed to circuit court in suit to quiet title and sell property for division (Acts 1915, p. 738; Code 1923, § 6478).**

In suit by one heir to quiet title to land claimed as his own against claims of administrator, and for sale of other land and personal property, in which he claimed an interest, for division, administration of estate *held* properly removed from probate to circuit court in equity, in view of Acts 1915, p. 738; Code 1923, § 6478.

**2. Fraudulent conveyances ⬥52(I).**

Where homestead is less than exemption, motive of owner's transfer is immaterial as to third parties seeking to enforce rights against him by levy and sale.

**3. Vendor and purchaser ⬥54.**

Equitable title does not pass under undelivered deed, where no part of purchase price is paid.

**4. Quieting title ⬥44(2)—In suit to quiet title to homestead against claim under deeds found never to have been delivered, and for which consideration was not paid, plaintiff's motive in making deed held immaterial.**

In suit to quiet title to homestead against claim under alleged deeds from plaintiff to sister and from sister to defendant's intestate, which was never delivered, and on which no consideration was paid, plaintiff's possible motive in making deeds to defraud creditor *held* immaterial.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Bill in equity by W. A. Helms against P. M. Helms, as administrator of the estate of J. A. Helms, deceased, and individually, and others, and cross-bill by P. M. Helms. From the decree, respondent P. M. Helms, as such administrator and individually, appeals. Affirmed.

It appears from the bill that complainant is a brother of J. A. Helms, deceased; that P. M. Helms is a brother of deceased; and that the other respondents are sisters, nieces, and nephews of deceased, all the parties to the suit being the heirs at law and distributees of deceased.

Paragraph 2 contains allegations appropriate to a removal of the administration into the equity court.

Paragraph 3 alleges that complainant is the owner of and has been in the possession since 1879 of the lands therein described.

Paragraph 4 alleges that complainant is entitled to an undivided one-half interest in two parcels of land therein described, the same having been purchased with funds jointly owned by complainant and J. A. Helms, the deeds having been made to J. A. Helms; and that complainant and J. A. Helms were in joint possession of said parcels, respectively, from 1891 and 1898.

Paragraph 5 alleges ownership by complainant of an undivided one-half interest in some, and full ownership in other, personal property set forth in the inventory of the administrator of the estate of J. A. Helms.

Paragraph 6 sets forth that the parties to the suit are the only distributees of the estate.

Paragraph 7 alleges complainant's quiet possession of the lands described in paragraph 3; that respondents claim, or are reputed to claim, some right, etc., to said lands; and that no suit is pending to test the title thereto. Complainant calls upon respondents to specify their title, claim, interest or incumbrance thereto or therein.

The relief prayed is: The removal of the administration; the quieting of title to the lands described in paragraph 3; the declaration of a half interest in the lands described in paragraph 4, and a half interest in, or full title to, the personalty described in paragraph 5; the sale of the real and personal property in which complainant claims a half-interest for division between complainant and the estate of deceased; and the sale of the residue of the estate for distribution among the joint owners.

The answer and cross-bill of respondent, P. M. Helms, denies the allegations of the bill as to ownership of the properties claimed,

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and alleges that complainant did at one time own the lands described in paragraph 3 of the original bill, but that a certain judgment was obtained against complainant, and that, with intent to defraud the creditor, he conveyed said lands to his sister, Frances Hale, now Frances Timmerman, and that thereafter said Frances and her husband conveyed said lands by deed to J. A. Helms, deceased.

The relief prayed in cross-bill is that complainant be declared to have no interest in the properties of the estate, except as a distributee, and that the lands be sold for distribution among the joint owners.

The testimony tends to show that the lands described in paragraph 3 of the original bill constituted the homestead of complainant, and were not greater in area than 160 acres; that the purported deed from complainant to Frances Hale and that from Frances and her husband to J. A. Helms were never delivered, and were without consideration.

The decree granted the relief prayed by complainant, and this appeal follows.

Russell & Johnson, of Oneonta, for appellant.

Complainant, having conveyed his property to a relative to defraud his creditors, does not come into equity with clean hands. 21 C. J. 184; 16 C. J. 145; Harton v. Little, 188 Ala. 640, 65 So. 951; Baird v. Howison, 154 Ala. 359, 45 So. 668; Heinz v. White, 105 Ala. 670, 17 So. 185; Glover v. Walker, 107 Ala. 540, 18 So. 251. When it appears, from the circumstances attending execution of the deed, that it was the intention of the maker that the deed should take effect, this will be a sufficient delivery, though the maker remains in the custody of the deed. Arrington v. Arrington, 122 Ala. 510, 26 So. 152; Farr v. Chambless, 175 Ala. 659, 57 So. 458; 18 C. J. 196. The recital of a valuable consideration is binding on the grantor, in the absence of fraud. Ohmer v. Boyer, 89 Ala. 273, 7 So. 663; Wilkerson v. Tillman, 66 Ala. 532; M. & M. R. Co. v. Wilkinson, 72 Ala. 286.

Ward, Nash & Fendley, of Oneonta, for appellee.

The administration was properly removed. Acts 1915, p. 738; Code 1923, § 6478. There could have been no fraud in execution of the deed to Hale, the lands being complainant's homestead and not subject to levy and sale. Sims v. Gaines, 64 Ala. 392; Fellows v. Lewis, 65 Ala. 343, 39 Am. Rep. 1; Lehman & Co. v. Bryan, 67 Ala. 558; Fuller v. Whitlock, 99 Ala. 411, 13 So. 80. But said deed passed no title, since the deed was not delivered and purchase price was not paid. Ashford v. Prewitt, 102 Ala. 264, 14 So. 663, 48 Am. St. Rep. 37. A resulting trust arose in favor of complainant to one-half interest in the lands jointly purchased by him with the deceased. Beadle v. Seat, 102 Ala. 532, 15 So. 243.

THOMAS, J. The bill had for its primary purpose the quieting of title to the lands made the subject thereof, and the selling of lands for division among joint owners.

The answer of the personal representative and other defendant was that the legal and equitable titles to said lands were in J. A. Helms at the time of his death immediately preceding the filing of the bill. The cross-bill of the administrator and of P. M. Helms individually denied complainant's ownership in the lands; averred that by mesne conveyances from complainant to J. A. Helms the latter was the owner of the lands; and prayed relief according to the facts as between the proper and necessary parties before the court, and that the decree declare the lack of title in complainant.

[1] In the course of the proceedings, the administration of the estate of J. A. Helms was duly removed from the probate to the circuit court in equity. Gen. Acts 1915, p. 738; Code 1923, § 6478; Crawford v. Carlisle, 206 Ala. 379, 89 So. 565; Hinson v. Naughter, 207 Ala. 592, 93 So. 560; Parker v. Robertson, 205 Ala. 434, 88 So. 418; Dent v. Foy, 206 Ala. 454, 90 So. 317; Henderson v. Henderson, 210 Ala. 73, 97 So. 353; Fowlkes v. Clay, 205 Ala. 523, 88 So. 651; Ex parte McLendon, 212 Ala. 403, 102 So. 696; Dent v. Foy, 204 Ala. 405, 85 So. 709; McKeithen v. Rich, 204 Ala. 588, 86 So. 377.

[2, 3] It is true that, if a homestead of grantor is less than the exemption allowed by law, the motive for the transfer is immaterial, as to third parties who may seek to enforce their rights by levy and sale. Burgin v. Hodge, 207 Ala. 315, 93 So. 27; Fuller v. Whitlock, 99 Ala. 411, 13 So. 80; Pollak v. McNeil, 100 Ala. 203, 13 So. 937. However, a careful consideration of the evidence impresses us with the view given expression in the decree that the deed from Helms to Hale was not delivered; that the legal title did not pass. It could not have the effect of passing the equitable title, since no part of the purchase price was paid. Ashford v. Prewitt, 102 Ala. 264, 14 So. 663, 48 Am. St. Rep. 37.

[4] A certain part of the land is shown to have been the homestead of W. A. Helms for many years, and his motive, as to creditors, is beside the present issues of fact. The testimony of the grantee in the Hale deed shows that deed was not delivered, nor was the purchase price paid, nor possession taken thereunder. It was, therefore, not efficacious as to the legal or equitable title to the lands. The evidence supports the decree as to the other tract of land south of the river as to its joint ownership.

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.