(128 So. 591)

## STATE v. WIGGINS.

### I Div. 893.

Court of Appeals of Alabama.

April 22, 1930.

Rehearing Denied May 6, 1930.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

Norborne Stone, of Bay Minette, for appellee.

PER CURIAM.

This court, sitting en banc, has read and considered the entire record in this case and upon which this appeal is rested.

On the 22d day of April, 1929, the Governor of the state of Florida made a requisition upon the Governor of Alabama for the arrest of Barney Wiggins and for his extradition from the state of Alabama to the state of Florida upon the ground that the said Barney Wiggins was charged, by affidavit, in the state of Florida with the crime of murder in the second degree, and was a fugitive from justice and had taken refuge in the state of Alabama. This demand or requisition being in all things regular, and properly accompanied by a duly certified copy of the affidavit aforesaid, and also by certificates that the documents attached were authentic, the Governor of Alabama thereupon issued a warrant directed to any sheriff, coroner, constable, or other officer authorized to make arrests, commanding the arrest of the said Barney Wiggins, and ordered that he be delivered into the custody of M. S. Penton, sheriff, the duly authorized agent of the state of Florida, etc. This warrant bears the following indorsement or return: "Received in office this 1st day of May 1929, C. Irwin, as Sheriff of Baldwin County, Alabama. Executed by arresting the within named Barney Wiggins and placing him in the Baldwin County, Alabama jail, this May 2nd, 1929. C. Irwin, as Sheriff of Baldwin County, Alabama."

The prisoner filed petition for writ of habeas corpus directed to Hon. G. W. Humphries, as probate judge of Baldwin county, Ala., and upon the hearing thereof the writ was granted and the prisoner discharged. From this order the state through its accredited representatives took an appeal, to this court, whereupon the judgment rendered was suspended pending the appeal, and the prisoner was remanded to the custody of C. Irwin, sheriff of Baldwin county, Ala., pending his giving bail, in the sum of $750.

■■ The order or judgment of the probate judge aforesaid, from which this appeal was taken, is erroneous, and the record before us is replete with error, as practically every exception reserved to the court's rulings upon the hearing were well taken. The sheriff having shown a warrant from the Governor of Alabama, regular in all things, as well as the requisition papers from the Governor of Florida, each reciting the jurisdictional facts and that the petitioner was charged with a crime, a prima facie case of lawful detention was thereby established, and this could be overcome only by sufficient proof on the part of the petitioner that he was not a fugitive, or that the process was void. Such proof was not adduced, and, as stated, the probate judge erred in discharging the prisoner. State v. Curry, 2 Ala. App. 251, 56 So. 736 and cases cited; Thacker v. State, 20 Ala. App. 302, 101 So. 636.

By express terms of the statute, Acts 1927, p. 76, it is provided in cases of this character, if the judgment appealed from is erroneous, the appellate court shall render such judgment as the trial court should have rendered. In pursuance thereto, it is here ordered that the petition for habeas corpus be denied and that Barney Wiggins, the prisoner aforesaid, shall be forthwith, by said sheriff, delivered to M. S. Penton, sheriff, the duly

authorized agent of the state of Florida, in accordance with the provisions of the warrant of the Governor of Alabama.

Reversed and rendered.