(128 So. 592)

### STATE v. Barney O. WIGGINS,
### I Div. 610.

Supreme Court of Alabama.
May 29, 1930.

Norborne Stone, of Bay Minette, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for petitioner.

Charlie C. McCall, Atty. Gen., for the State.

SAYRE, J.

Petition of Barney O. Wiggins for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in State v. Wiggins, 23 Ala. App. 527, 128 So. 591.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

(128 So. 594)

### Ex parte BELL.
### 4 Div. 494.

Supreme Court of Alabama.
May 29, 1930.

Guy W. Winn, of Clayton, for petitioner.

J. S. Williams, of Clayton, pro se.

THOMAS, J.

The statute for the removal of the administration of an estate from the probate court to the circuit court "at any time before a final settlement," by one of the parties in interest indicated, "without assigning any special equity," is section 6478, Code. Hinson v. Naugher, 207 Ala. 592, 594, 93 So. 560.

The pleading in equity to that end should be sufficient in form and substance to transfer the said pending cause from the probate to the circuit court in equity, and to invest the latter with the jurisdiction and power to proceed with the administration to final settlement, according to the due procedure in a court of equity. In the case of Hinson v. Naugher, supra, the bill, alleging the jurisdictional facts, was original in form, duly verified. Such was the form employed in Helms v. Helms, 214 Ala. 580, 108 So. 509: Dent v. Foy, 210 Ala. 475, 98 So. 390; Henderson v. Henderson, 210 Ala. 73, 97 So. 353; Fowlkes v. Clay, 205 Ala. 523, 88 So. 651; Manfredo v. Manfredo, 182 Ala. 247, 62 So. 522; Ex parte McLendon, 212 Ala. 403, 405, 102 So. 696; McKeithen v. Rich, 204 Ala. 588, 86 So. 377, and authorities. The case of Dooley v. Dooley, 205 Ala. 281, 87 So. 545, states the bill or petition for removal must be duly sworn to and "contain an averment the equivalent of statutory requirement."

The paper exhibited was informal in character. The trial judge has, however, treated this as a sufficient petition or pleading, and in entering the order thereon may not make it conditioned on payment of costs before removal, as was the condition of the order of the circuit judge.

The mandamus is awarded.

ANDERSON, C. J., and SAYRE, and BROWN, JJ., concur.