11 So.2d 852

**GARDNER v. GARDNER et al.**

**6 Div. 65.**

Supreme Court of Alabama.

Jan. 28, 1943.

Rehearing Stricken Feb. 25, 1943.

———◇———

J. N. Powell, of Hartselle, for appellant.

Herman J. Stewart, of Cullman, for appellees.

THOMAS, Justice.

The appeal is from a decree of the probate court ordering sale of lands for division among decedent's next of kin.

The jurisdiction of the probate court, among other things, is to grant letters testamentary and of administration, or for the revocation of such letters; for the sale and disposition of the real and per-

sonal property belonging to intestate's estate and for the distribution of same; and,

"To issue all citations, letters testamentary, of administration and guardianship, subpoenas, executions, and all other process which is necessary for the exercise of his powers, the jurisdiction of the court, and the enforcement of its judgments, orders and decrees." Code 1940, T. 13, §§ 278–280.

■ The provisions of statute as to the transfer or re-transfer of pending causes are contained in the Code of 1940, T. 13, §§ 139–156.

In Pierce v. Barbaree, 238 Ala. 676, 678, 193 So. 115, 116, it is declared: "The right of removal of administration of estates from the probate court to a court of equity is stated in §§ 6478 and 8102 of Michie's Code [Code 1940, Tit. 13, § 139; Tit. 21, § 26]. The change in the statute, from Acts of 1911, p. 574, to that of the Act of 1915, p. 738, was first indicated in Dent v. Foy et al., 204 Ala. 404, 85 So. 709, and later in Irwin v. Irwin, 227 Ala. 140, 148 So. 846."

The decree of the circuit court in equity recites that the transfer from the probate to the circuit court in equity was improvidently done, for that the settlement of the special administration had been ordered within the time specified in the order and that time had not expired when the order of removal was made, and the order was rescinded and the cause remanded to the probate court.

We see no error in the transfer of the cause to the probate court. The order of removal was made when settlement had been begun by the order. Ex parte Kelly, Ala.Sup., 8 So.2d 855, 857[1]; Code 1940, T. 13, §§ 138, 139; Hinson v. Naugher, 207 Ala. 592, 593, 93 So. 560. The probate court had thereby actually entered upon the exercise of its jurisdiction in and for a final settlement of that administration of the matters of the estate. Ex parte McLendon, 212 Ala. 403, 405, 102 So. 696. No matter had arisen calling for relief not available in the probate court. Crossland v. First National Bank, 233 Ala. 432, 172 So. 255.

We find no error of the trial court that is presented by the record proper.

■ There being no bill of exceptions, we cannot consider the other assignments of error predicated on the evidence.

The decree of the probate court is affirmed.

GARDNER, C. J., and BROWN, and LIVINGSTON, JJ., concur.

