17 So.2d 409

**Ex parte PETTUS et al.**

**6 Div. 192.**

Supreme Court of Alabama.

Jan. 13, 1944.

Rehearing Denied March 23, 1944.

350

Erle Pettus, of Birmingham, and J. T. Johnson, of Oneonta, for petitioners.

Griffith & Entrekin, of Cullman, for respondent.

THOMAS, Justice.

This is a petition for mandamus to the circuit court to set aside its order transferring the special administration of an estate from the probate court to the circuit court. The administration is not in the circuit court by way of appeal. Code 1940, Tit. 7, § 776; Franklin v. Bogue, Ala. Sup., 17 So.2d 405.[1] Neither is the administration in the circuit court by way of a will duly admitted to probate, its validity being contested in the circuit court in equity. Baker v. Bain, 237 Ala. 618, 188 So. 681; Ex parte Pearson, 241 Ala. 467, 3 So.2d 5.

At the time the contest over the will of testator was pending in the probate court, subsequent to a jury trial, verdict and judgment in favor of contestants and reversal of said judgment by this court and remandment to the probate court for further proceedings, this case was transferred to the circuit court. It was while the will contest was still pending and before any administration of said estate had taken place other than appointment of a special administrator to collect the assets of the estate that the transfer to the circuit court was made. Code 1940, Tit. 13, § 139; Towles v. Pettus, 244 Ala. 192, 12 So.2d 357.

"There is no question here of the court exercising discretion, as argued by * * * respondent, * * * but one of improper exercise of jurisdiction of a cause, coming within the language of the text of 38 Corpus Juris, supra [§ 130, p. 631], to the effect that, 'where the court is without jurisdiction to make an order transferring a cause to the chancery docket, mandamus lies to compel the expunging of the order.'" Ex parte McFry, 218 Ala. 21, 22, 117 So. 464, 465; Poyner v. Whiddon et al., 234 Ala. 168, 174 So. 507.

The statute providing for a transfer is remedial. Code 1940, Tit. 13, § 139. In Ex parte Wadsworth, 217 Ala. 567, 117 So. 178, it was held that a special administrator was not entitled to removal of an administration into circuit court in equity—having the right to sue in law or equity to recover assets. In Little v. Burgess, 240 Ala. 552, 200 So. 566, it is declared that the statute predicates the right of removal upon the fact that the petitioner is within the terms of the statute. The statute reads as follows:

"§ 139. (6478) *Removal of administration of estates from probate court.*—The administration of any estate may be removed from the probate court to the circuit court, or court of like jurisdiction, at any time before a final settlement thereof, *by any heir, devisee, legatee, di*stributee, executor, administrator, or administrator with the will annexed of any such estate, without assigning any special equity; * * *." [Italics supplied.] Code 1940, T. 13.

Respondents in petition say that the title to real estate of testator vests in devisee on death of testator and courts of equity are open for the protection of such property rights prior to the probation of a will, subject to certain statutory rights and duties. Code 1940, Tit. 13, § 139, statute for removal; Tit. 61, § 190, testator may exempt executor from filing inventory or making report or final settlement; Tit. 61, § 97, testator may exempt executor from giving bond; when no bond required; exceptions. In the matter of contest of a will, these statutes presuppose the due probation

---

[1] Post, p. 379.

of a will to give the right of removal under the statute. Murphy v. Vaughan, 226 Ala. 461, 147 So. 404; Whorton v. Snell, 226 Ala. 525, 147 So. 602; Crawford v. Carlisle, 206 Ala. 379, 89 So. 565.

Respondent insists that the administration of an estate is one proceeding, not broken up into distinctive parts. Martin v. Ellerbe's Adm'r, 70 Ala. 326, 339. Such is the general rule, but this does not affect the right of removal which is given, regulated and prescribed by statute. See 118 A.L.R. 417 note.

In Martin v. Ellerbe's Adm'r, 70 Ala. 326, 339, it is declared:

"* * * The term 'administration,' in this respect, is of comprehensive meaning. It includes more than the mere collection of assets, the payment of debts and legacies, and distribution to the next of kin. It involves all which may be done rightfully in the preservation of the assets, and all which may be done legally by the administrator in his dealings with creditors, distributees or legatees, or which may be done by them in securing their rights; and it includes all which may be done, and rightfully done, in relation to adverse claims to assets, which have come to the possession of the administrator as the property of the testator or intestate. * * *"

The above case did not consider the right, here questioned, of a transfer from the probate court before the will is probated, or before the establishment of the right of "any heir, devisee, legatee, distributee, executor, administrator, or administrator with the will annexed of any such estate." Code 1940, Tit. 13, § 139.

The record shows conclusively that no petition for general administration of the estate had issued in the probate court and that the will was contested. The effort was to remove from the probate court only such special administration as was pending under and by virtue of the appointment in the probate court of a special administrator ad colligendum. Such administrator's appointment is authorized by Tit. 61, § 89, Code 1940, and such administrator is nothing more than an "officer of the probate court" and must find his authority only in the statute authorizing the appointment and in the orders of the probate court. Code 1940, Tit. 61, § 90; Mitchell v. Parker, 227 Ala. 676, 151 So. 842, 843.

It is necessary to note the jurisdiction and power found in the statutes as to the probate of wills and contests thereof and as to the appointment of special and general administrators of decedent's estate. The statute provides for probate of a will "before the proper probate court." Code 1940, Tit. 61, § 33; Woodruff v. Hundley, 127 Ala. 640, 29 So. 98, 102, 85 Am.St.Rep. 145. The statute further provides for the contest of the probate of a will in equity. Code 1940, Tit. 61, §§ 63, 64. The revocation of wills is provided for in Code 1940, Tit. 7, § 776, and it is declared that the jurisdiction to try a will contest in the circuit court is limited. Ex parte Pearson, 241 Ala. 467, 3 So.2d 5.

In Wachter v. Davis et al., 215 Ala. 659, 111 So. 917, it is declared:

" * * * In this state the probate of a will is a matter resting exclusively in the jurisdiction of the probate court. Section 10609, Code of 1923 (Code 1940, Tit. 61, § 35) 'chancery courts have no jurisdiction in this state for the probate or establishment of wills.' Kaplan v. Coleman, 180 Ala. 267, 60 So. 885. The right of contest of a will in a court of equity is purely of statutory creation (section 10637, supra) [Code 1923; Code 1940, Tit. 61, § 64], which statute creates a new substantive and independent right, which may be exercised within the time prescribed (Kaplan v. Coleman, supra). The foregoing statute expressly provides that such contest is to be instituted 'within the twelve months *after the admission of such will to probate in this state.*' (Italics supplied.) The admission of the will to probate in the probate court is therefore a condition precedent to the jurisdiction of the equity court as to such a contest."

See Ex parte Russell, 239 Ala. 641, 196 So. 718, and Caverno et al. v. Webb, 239 Ala. 671, 196 So. 723, where the statutes construed do not touch the instant case under the facts we have indicated.

The case of Ex parte Kelly, 243 Ala. 184, 8 So.2d 855, is cited by respondent's counsel, but has no influence on the pending case. In the Kelly case there was no question pending of a probate of a will and the contest was to whom the right of administration should be granted. This court said that when a petition for appointment of an administrator is filed in the probate court and that court assumes jurisdiction of the matter, that alone constituted it a pending administration subject to removal.

The decision in Gardner v. Gardner, 244 Ala. 107, 11 So.2d 852, 853, is also cited by

respondent's counsel. This case was initiated by the petition of joint owners to sell the land of the deceased ancestor for division among parties as joint owners or tenants in common. The ancestor had died leaving as her only heirs the parties thereto, and one of them was *appointed special administrator* of the estate of decedent; was thereafter removed from that office, and one *Newman appointed as general administrator by* the probate court. The Judge of the circuit court removed the estate from the probate to the circuit court in equity upon petition of the heir who was *removed as special administrator.* The other heirs petitioned the circuit court to set aside the order of removal and declare the jurisdiction of the probate court, and this court ordered that the transfer was improvident. Thereafter two of the heirs filed petition in the probate court to sell the lands of the estate and to deliver the proceeds to Newman as administrator for distribution to the parties according to their interest, "after final settlement by said Stanley Lee Gardner, as administrator. After hearing, the probate judge granted the petition to sell the land, and respondent has appealed." The decision was that the order of removal was made when the settlement had been begun by the order of the probate court; that the probate court had thereby entered upon the exercise of its jurisdiction for final settlement of such administrator of the matters of estate, and that no need had arisen for relief not available in the probate court. Such are not the facts in the instant case and the Gardner decision, supra, is not applicable here.

Attorney for respondent adverts to decisions having application under the removal statute [Code 1940, Tit. 13, § 139], without distinguishing cases where there was no will contested after being presented for probate, and cases where the administration of decedent's estate is involved. The former cases are: Ex parte Bell, 221 Ala. 304, 128 So. 594; Little v. Burgess, 240 Ala. 552, 200 So. 566; Bynum v. Brewer, 217 Ala. 52, 114 So. 577; Dillard v. Gill, 231 Ala. 662, 166 So. 430. The second class of cases, where the will was duly probated and removal was had to the circuit court for construction and administration in equity, are: Hinson v. Naugher, 207 Ala. 592, 93 So. 560; Henderson v. Henderson, 210 Ala. 73, 97 So. 353; Crawford v. Carlisle, 206 Ala. 379, 89 So. 565; Manfredo v. Manfredo, 182 Ala. 247, 62 So. 522; Powell v. Labry, 207 Ala. 117, 92 So. 266; Ashurst v. Ashurst, 175 Ala.

667, 57 So. 442; Murphy v. Vaughn, 226 Ala. 461, 147 So. 404; Whorton v. Snell, 226 Ala. 525, 147 So. 602; Ex parte McLendon, 212 Ala. 403, 102 So. 696; Brizendine v. American Trust & Savings Bank, 211 Ala. 694, 101 So. 618.

The cases are further to the effect that the removal statutes are not the ouster of jurisdiction of the probate court where that court has entered upon its jurisdiction for a final settlement. Mobbs v. Scott, 233 Ala. 70, 169 So. 698; Ex parte McLendon, 212 Ala. 403, 102 So. 696; Gardner v. Gardner, 244 Ala. 107, 11 So.2d 852.

It follows from the statutes and decisions that there was error in transferring the pending cause and its impending probate to the circuit court.

We hold that demurrer to the petition for mandamus should have been overruled and an order is granted requiring respondent to vacate his order of removal of the administration of the estate of J. O. Towles, deceased, from the Probate Court to the Circuit Court, In Equity, and the cause is remanded for administration in the Probate Court of Cullman County, Alabama, where the proceedings for the probate of the will may proceed. Towles v. Pettus, 244 Ala. 192, 12 So.2d 357.

Writ of mandamus is granted.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.

