215 So.2d 287

**Zeddie Lee WEST**

**v.**

**William F. WEST, Jr.**

**7 Div. 818.**

Supreme Court of Alabama.

Oct. 31, 1968.

Roy D. McCord, Gadsden, for appellant.

Burns, Carr & Shumaker, Gadsden, for appellee.

LAWSON, Justice.

This is an appeal from a decree rendered in a divorce case by the Circuit Court of Etowah County, in Equity, on February 23, 1968.

The decree from which the appeal was taken reads as hereinafter set out, except for the words which we have italicized. The italicized words were added by the trial court ex mero motu on March 22, 1968.

*"FINAL DECREE*

"This cause, coming on to be heard on the bill of complaint, the answer thereto,

the cross bill of complaint and the answer thereto, and both of the parties being present in open court, and upon the taking of testimony of the same, ore tenus the court is of the opinion that the cross plaintiff is entitled to an absolute divorce from the cross defendant and that the cross defendant is entitled to the care, custody and control of the minor children of the parties, along with child support of $40.00 per week and the right to the possession and use of the residence of the parties, and upon a careful consideration thereof, it is Ordered, Adjudged and Decreed as follows:

"FIRST: That the bonds of matrimony heretofore existing between the plaintiff and the defendant be, and the same are hereby dissolved, and the said William F. West, Jr., is forever divorced from the said Zeddie Lee West, for and on account of a reasonable apprehension on the part of the defendant, William F. West, Jr., that the plaintiff, Zeddie Lee West, will commit actual physical violence upon his person, attended with danger to his life or health.

"SECOND: That neither the plaintiff nor the defendant shall again marry, except to each other until sixty (60) days after the date of this decree. If an appeal from this decree is taken within sixty (60) days neither the plaintiff nor defendant shall again marry, except to each other, during the pendency of said appeal.

"THIRD: That the cost of Court accrued herein are [sic] hereby taxed against the defendant, for the collection of which execution may issue.

"FOURTH: That the care, custody and control of the minor children of the parties, to-wit: Davis Allen West and Bryan K. West, is hereby awarded to the plaintiff, Zeddie Lee West, and the defendant, William F. West, Jr., is allowed the right of visitation and to have said minor children visit with him on any and all reasonable times and occasions.

"FIFTH: That the plaintiff, Zeddie Lee West, have and recover of the defendant, William F. West, Jr., the sum of $40.00 per week *as alimony and support and hospitalization for plaintiff,* payable to the Register of the Circuit Court, Etowah County, Alabama, on Monday of each week, beginning February 26, 1968, and the Register is ordered to disburse said money from time to time to the plaintiff, Zeddie Lee West.

"SIXTH: That the plaintiff have and recover of the defendant the sum of $250.00 as a reasonable attorney's fee for her attorney in this cause.

"SEVENTH: It is ordered that the plaintiff, Zeddie Lee West, have possession and the right to live in, so long as she lives, the residence of the parties, known as 1615 Filmore Street, Gadsden, Alabama, and legally described as follows:

"Lots Numbers 16, 17, 18 and 19 in Block Number 37 in Gadsden Realty Company's South Gadsden Addition, according to the map or plat thereof, as the same appears of record in the Office of the Judge of Probate of Etowah County, Alabama, in Plat Book 'B', pages 314 and 315, and lying and being in Gadsden, Etowah County, Alabama; together with all improvements thereon.

"This the 23 day of Feb. 1968.

A. B. CUNNINGHAM

CIRCUIT JUDGE, IN EQUITY SITTING

"Filed February 23, 1968

"The above decree is amended ex mero motu by the above interlineation in ink this date. 3–22–68

A. B. CUNNINGHAM,

Judge"

There are four assignments of error, which read as follows:

"1. The trial court erred in entering its final decree of divorce in favor of the Appellee, William F. West, Jr., in this cause, said Appellee being the Cross-Plaintiff in the Circuit Court. (Tr. page 10)

"2. The trial court erred in only awarding to the Appellant the sum of $40.00 per week for alimony and support for the Appellant and her two minor children, David Allen West and Bryan K. West. (Tr. page 10)

"3. The trial court erred in its final decree in this cause in giving to the Appellant, Zeddie Lee West, the right to live in and occupy the house and lots as described in said final decree as long as she lives, without making some provisions for the payment of taxes, insurance and repairs on said house. (Tr. page 12)

"4. The trial court erred in entering its final decree in this cause. (Tr. pages 10 & 11)"

■ Since there is no transcript of the evidence before us, the first three assignments of error are inefficacious.—Smith v. State, 280 Ala. 241, 192 So.2d 443, and cases cited; Gardner v. Gardner, 244 Ala. 107, 11 So.2d 852.

The fourth assignment of error might be sufficiently broad for us to give consideration to contentions made in brief that the trial court erred in rulings shown by the record proper.

But, as we view the record, it is correct in all respects.

■ The trial court expressed the opinion that the cross-defendant (appellant) is entitled to the care, custody and control of the minor children of the parties, *"along with child support of $40.00 per week * * *"* But such expression of opinion is not a decree.—Employers Ins. Co. of Ala. v. Brooks, 250 Ala. 36, 33 So.2d 3; Lyall v. Lyall, 250 Ala. 635, 35 So.2d 550; Shell Oil Company v. Edwards,

263 Ala. 4, 81 So.2d 535; Gaines v. Milner, 266 Ala. 447, 97 So.2d 584; Moore v. Shipp, 262 Ala. 664, 81 So.2d 352; Garrett v. Kirksey, 279 Ala. 10, 181 So.2d 80.

And there is no provision in the decree itself, rendered on February 23, 1968, which expressly orders appellee · to pay child support. However, we think the fifth paragraph of the decree as originally rendered, when considered in connection with the opinion expressed by the trial court that appellant was entitled to "child support of $40.00 per week," would justify a holding that the money ordered to be paid appellant in the said fifth paragraph was for child support.

But the trial court, within thirty days from February 23, 1968, on March 22, 1968, amended the decree of February 23, 1968, so as to clearly show that the money ordered to be paid by appellee in the fifth paragraph of the decree of February 23, 1968, was for "alimony and support and hospitalization" of appellant.

■ The trial court's right to amend the decree of February 23, 1968, within thirty days thereafter is well established by our decisions. See Ex parte Johnson, 238 Ala. 584, 192 So. 508; Grigsby v. Liles, 274 Ala. 67, 147 So.2d 846; Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405, and cases cited.

For aught appearing, circumstances had changed since the original decree was rendered and appellant had no need for child support. On the other hand, the trial court might have entertained the view that the original decree expressly ordered appellee to pay child support to appellant but did not provide for "alimony and support and hospitalization" for appellant and in order to rectify that omission, amended the original decree ex mero motu to so provide.

■ But we cannot engage in conjecture. We must take the record as it comes to us. The amended decree provides for payment by appellee of the sum of forty dollars per week for "alimony and support

and hospitalization" for appellant. It does not require appellee to pay child support.

The decree, as amended, is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.