BEATTY, Justice.
These cases present an issue of jurisdiction.
On July 2, 1986, Joseph Jackson, his wife, Mary Ann Jackson, and their three children, Angel, Joseph, Jr., and Detrich, were involved in an automobile accident. Only Joseph, Jr., and Detrich survived.
Subsequently, Joseph Jackson’s brother, Ira Jackson, Jr., petitioned the Jefferson County Probate Court, in separate cases, for letters of administration on the estates of Joseph and Mary Ann Jackson, both deceased, and for letters of guardianship on the surviving children, Joseph, Jr., and Detrich. On July 8, 1986, the respective letters were issued to him.
Thereafter, apparently on July 14, 1986, Mattie Fuller, the mother of Mary Ann Jackson, deceased, and the maternal grandmother of Joseph, Jr., and Detrich, petitioned the Jefferson County Probate Court in each case for the removal of Ira Jackson, Jr., as administrator and guardian of the respective estates, and for an appointment of herself as administratrix of the estate of Mary Ann Jackson.
Subsequently, the probate court denied each of those petitions, whereupon Mattie Fuller, on August 28, 1986, petitioned the Jefferson Circuit Court to remove the guardianships of Joseph, Jr., and Detrich to the Jefferson Circuit Court. On that same date, Mattie Fuller also petitioned that circuit court for the removal of the administration of the estate of Mary Ann Jackson to the Jefferson Circuit Court. By order of August 28, 1986, these removal petitions were granted.
Then, on September 2, 1986, Mattie Fuller moved in circuit court to consolidate all three cases for disposition in circuit court, citing common questions of law and fact, and inequitable results otherwise. These motions remain unruled upon, for aught appearing in the records of each case. Meanwhile, on September 5, 1986, all documents of record in the Jefferson County Probate Court pertaining to each of the three cases were transferred to Jefferson Circuit Court.
After that transfer, Mattie Fuller appealed to this Court, complaining of the action of the Jefferson County Probate Court “denying her Motion to Remove as Guardian of the Estate of Joseph Jackson, Jr., Ira Jackson, Jr., and [she states that she] takes no other issue on appeal other than that involving the Guardianship of the Estate of Joseph Jackson, Jr.”
There is no issue before us concerning the nature of the removal or of the standing of Mattie Fuller to effect a removal of these cases. See Code of 1975, §§ 12-11-41 and 26-2-2. The dispositive question presented by this record, then, is whether there is at present a final order that would support this appeal. Put another way, the question is: What was the effect of the transfer of these cases on motion of the appellant, including the guardianship of Joseph Jackson, Jr., to the circuit court?
The appellant, Mattie Fuller, maintains that an appeal from the probate court order is authorized by Code of 1975, § 12-22-20:
“An appeal lies to the circuit court or supreme court from any final decree of the probate court, or from any final judgment, order or decree of the probate judge; and, in all cases where it may of right be done, the appellate court shall render such decree, order or judgment as the probate court ought to have rendered.”
In her petition for the removal of the guardianship of Joseph Jackson, Jr., Mattie Fuller described herself as “the grandmother and next friend.” Thus, she came within the class of persons designated in Code of 1975, § 26-2-2, as authorized to remove the “administration or conduct” of any guardianship of a minor “before the final settlement ... by the guardian.” Moreover, not only did she not contest the removal of this entire guardianship, but it was removed upon her own petition, and she now makes no issue of its removal. Hence, cases in which such removals have *938 been contested in circuit court because the probate courts had acted with finality within their jurisdiction are not apropos here. Cf. e.g., Gardner v. Gardner, 244 Ala. 107, 11 So.2d 852 (1943).
However, having acted to remove the entire guardianship to circuit court, Mattie Fuller has waived any right of appeal from the probate court’s order on her motion to remove Ira Jackson, Jr., as guardian. Indeed, a party cannot by his own volition chose two distinct jurisdictional forums in which to litigate the same issue; such an election is tantamount to appealing from an order to which he has consented. Cf. City of Bessemer v. Brantley, 258 Ala. 675, 65 So.2d 160 (1953).
There having been a proper removal of the guardianship of Joseph Jackson, Jr., to the circuit court, and there being no final orders in the circuit court on these pending cases from which an appeal could be taken, these appeals must be, and .they are hereby, dismissed.
APPEALS DISMISSED.
TORBERT, C.J., MADDOX, ALMON and HOUSTON, JJ., concur.