MOORE, Judge.
Lucinda Pickett-Robinson appeals from a judgment entered by the Montgomery Circuit Court awarding her a homestead allowance of $6,000 but denying all other relief she had requested from the estate of Joseph Robinson, deceased. We dismiss *1176 the appeal for lack of appellate jurisdiction.

Background

On November 5, 2011, Joseph Robinson (“the decedent”) died, and, in January 2012, an unsigned copy of his purported will was filed with the Montgomery Probate Court (“the probate court”); in the probate court, the matter was assigned case no. 2012-97. On April 19, 2012, Lucinda Pickett-Robinson (“the widow”) filed a contest, pursuant to Ala.Code 1975, § 48-8-190, to that will. On May 81, 2012, the widow filed a motion, pursuant to Ala. Code 1975, § 43-8-198, seeking to transfer the will contest from the probate court to the Montgomery Circuit Court (“the circuit court”).[1] The probate court transferred the action to the circuit court on June 1, 2012; in the circuit court, the matter was assigned case no. CV-12-906.
On February 5, 2013, the circuit court entered an order acknowledging that the parties had presented to the court an original of the executed and notarized will of the decedent, dated November 14, 2003 (“the November 2003 will”) and purporting to admit the November 2003 will to probate, to appoint Tamika Seals-Robinson, the decedent’s grandchild, as the executrix of the decedent’s estate, and to issue letters testamentary to Seals-Robinson without the requirement of a bond, pursuant to the terms of the November 2003 will.[2]
On February 8, 2013, Seals-Robinson asserted that subject-matter jurisdiction of the November 2003 will, which had not been admitted to probate, was in the probate court, and she moved the circuit court to vacate its February 5, 2013, order. The circuit court granted that motion, vacated its February 5, 2013, order, and dismissed the will-contest proceeding that was before it, i.e., case no. CV-12-906.
On February 22, 2013, Seals-Robinson filed in the circuit court a petition seeking to remove the administration of the estate, i-.e., case no. 2012-97, from the probate court to the circuit court.[3] Seals-Robinson asserted that the widow had refused to cooperate in the settlement of the estate and that it was her belief that the estate could be better administered in the circuit court. On February 26, 2013, the circuit court purported to grant the petition to remove case no. 2012-97 from the probate court to the circuit court; the circuit court assigned that action case no. CV-12-906, the same case number the circuit court had assigned to the will contest.
On March 8, 2013, the circuit court ordered Seals-Robinson, as the executrix of the decedent’s estate, to conduct an inventory of the estate and instructed the widow to cooperate in accomplishing that inventory. Thereafter, the widow filed an “Application For Bond,” a “Claim of Spouse to Intestate Share of the Estate,” a “Claim of Widow for a Homestead Exemption,” and a claim for funeral expenses.
On October 3, 2013, after a hearing at which ore tenus evidence was received, the circuit court purported to enter a final *1177 judgment. On October 8, 2018, the circuit court granted the widow’s motion for a stay of its judgment pending appeal, and, on November 1, 2018, the widow timely filed a notice of appeal to our supreme court. The supreme court subsequently transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).

Analysis

Although the widow raises several issues on appeal, as an initial matter we must address the jurisdiction of the circuit court. “[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). “[S]ubject-matter jurisdiction may not be waived; a court’s lack, of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.” C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ.App.2003).
Alabama Code 1975, § 12 — 11—41, provides:
“The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any hem, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such- heir, devisee, legatee, dis-tributee, executor, administrator or administrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court.”
In DuBose v. Weaver, 68 So.3d 814 (Ala.2011), our supreme court addressed a situation in which a party sought to remove the administration of an estate from a probate court to a circuit court under § 12-11-41. In concluding that the circuit court had not acquired subject-matter jurisdiction, the supreme court stated:
“In regard to the administration of estates, the probate court is a court of general and original jurisdiction. See Ala. Const.1901, § 144; Ala.Code 1975, § 12-13-1 (b). The circuit court can obtain jurisdiction over a pending administration of an estate only by removing the administration from the probate court to the circuit court pursuant to Ala.Code 1975, § 12-11-41; see Ex parte Terry, 957 So.2d 455, 457-58 (Ala.2006); Ex parte McLendon, 824 So.2d 700, 704 (Ala.2001)....
[[Image here]]
“In Ex parte Smith, 619 So.2d 1374, 1376 (Ala.1993), this Court stated that ‘[t]he circuit court cannot initiate the administration of an estate, because the initiation of administration is a matter exclusively in the jurisdiction of the probate court.’ As this Court more recently explained in Ex parte Berry, 999 So.2d 883 (Ala.2008):
“ ‘In stating in Ex parte Smith that “[t]he circuit court cannot assume jurisdiction over the administration of an estate when-the administration has not yet begun,” 619 So.2d at 1375-76, this Court was referring to subject-matter jurisdiction. “Subject matter jurisdiction concerns a court’s power to decide certain types of cases.” Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006). Our decision in Ex parte Smith relied on § 12-13-1, Ala.Code 1975, which grants probate courts “original and general jurisdiction” over all matters enumerated in that *1178 statute, including the probate of wills and disputes over the right of execu-torship and administration.’
“999 So.2d at 887-88 (emphasis omitted).
“Further, the administration of an estate does not begin merely upon the filing in the probate court of a petition for letters of administration or of a petition for probate of a will and for letters testamentary. As to the former, this Court has recognized that ‘the mere filing of a petition for the administration of an estate does not in itself begin the administration; rather, the probate court must act upon the petition and thereby activate the proceedings, which may thereafter be subject to removal to the circuit court.’ Ex parte Smith, 619 So.2d at 1376; see also, e.g., Allen v. Estate of Juddine, 60 So.3d 852, 855 (Ala.2010) (‘The administration of the estate was initiated by the probate court when it granted Willie Jr. letters of administration.’); Ex parte Berry, 999 So.2d at 886 (‘[T]his Court in Ex parte Smith [, 619 So.2d 1374 (Ala.1993),] held that removal of the will proceeding from the probate court to the circuit court was premature because the probate court had not initiated the administration of the estate by acting on the petition.’); and Ex parte Kelly, 243 Ala. 184, 187, 8 So.2d 855, 857 (1942). As to the latter, this Court has noted that, where no letters of general administration have issued from the probate court and where the decedent’s will has not yet been admitted to probate, the circuit court ‘is without jurisdiction to make an order’ removing the administration of the estate from the probate court to the circuit court. Ex parte Pettus, 245 Ala. 349, 351,17 So.2d 409, 410-11 (1944).”
68 So.3d at 821-22.
The court in DuBose concluded that the circuit court had not acquired subject-matter jurisdiction over the estate at issue in that case because, among other things, the administration of the estate had not been initiated in the probate court at the time of the purported removal, i.e., there had been no pending estate administration that the circuit court could have removed from the probate court pursuant to § 12-11^41. Id. at 822.
As in DuBose, there is no indication in the record before this court that, at the time Seals-Robinson requested the circuit court to remove the administration of the estate from the probate court, there was a pending estate administration to be removed. The record fails to establish that the parties ever offered the November 2003 will for probate; because there is no indication that the November 2003 will had been offered for probate, the record also fails to establish that the probate court had taken any action to initiate the administration of that estate.[4] As,a result, the circuit court failed to acquire subject-matter jurisdiction over the administration of the decedent’s estate.[5]
*1179 “A judgment entered by the court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment. Hunt Transition & Inaugural Fund, Inc. v. Grenier, 782 So.2d 270, 274 (Ala.2000).” Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008). Accordingly, we dismiss the widow’s appeal, albeit with instructions to the circuit court to vacate its judgment.
The appellee’s request for an award of attorney’s fees on appeal is denied.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

.Because it is unnecessary to our resolution of the appeal, we express no opinion as to whether the widow properly transferred her contest of the unexecuted will from the probate court to the circuit court. See, e.g., Marshall v. Vreeland, 571 So.2d 1037 (Ala.1990) (recognizing that a contestant to a will must seek a transfer from the probate court in his or her initial pleading, i.e., in the pleading in which he or she asserts a contest of the will).

. The record does not contain a copy of the November 2003 will.

. The petition filed by Seals-Robinson bore the same case number previously assigned by the probate court to the will contest of the unexecuted will.

. We further note that Seals-Robinson failed to "annex” a copy of the November 2003 will to her petition to remove the estate administration to the circuit court, as required by § 12-11-41.

. We also conclude that the record fails to establish that the circuit court acquired subject-matter jurisdiction pursuant to Ala.Code 1975, § 43-8-190, § 43-8-198, or § 43-8-199, which address an interested party’s right to contest a will and the methods by which a circuit court acquires subject-matter jurisdiction of a will contest. See, e.g., Boshell v. Lay, 596 So.2d 581, 583 (Ala.1992) (recognizing that a will may be contested in Alabama in only two ways: "(1) before probate, a contest may be instituted in the probate court pursuant to Ala.Code 1975, § 43-8-190; or (2) after probate and within six months thereof, a contest may be instituted by filing a complaint in the circuit court of the county in which the will was probated, pursuant to Ala.Code 1975, *1179 § 43-8-199,” and recognizing that, in both methods, the will must have been offered to probate).